IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| SANTIAGO, REYNALDO | ) | |
| | ) | CASE NO. 05 B 05069 |
| | ) | |
| | ) | JUDGE EUGENE R. WEDOFF |
| Debtor(s) | ) | |

TRUSTEE'S FINAL REPORT

To:   THE HONORABLE
BANKRUPTCY JUDGE EUGENE R. WEDOFF

NOW COMES DAVID P. LEIBOWITZ, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1. DAVID P. LEIBOWITZ was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on February 15, 2005. The Trustee was appointed on February 15, 2005.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned located at 1815 Eton Drive in Hoffman Estates, Illinois, is $62,000.00. Trustee abandoned this real estate since there is no equity in the present market. Upon investigation trustee found that the trust deed was recorded within the preference period

and was avoidable however, the house could not be sold since the market declined after the commencement of the case.

4. A summary of the Trustee's Final Report as of July 18, 2007 is as follows:

| | | |
|---|---|---:|
| a. | RECEIPTS (See Exhibit C) | 18,098.13 |
| b. | DISBURSEMENTS (See Exhibit C) | 0.00 |
| c. | NET CASH available for distribution | 18,098.13 |
| d. | TRUSTEE/PROFESSIONAL COSTS | |
| | 1. Trustee compensation requested (See Exhibit E) | 2,559.81 |
| | 2. Trustee Expenses (See Exhibit E) | 115.44 |
| | 3. Compensation requested by attorney or other professionals for trustee (See Exhibit F) | 7,350.60 |

5. The Bar Date for filing unsecured claims expired on May 9, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---:|
| a. | Allowed unpaid Secured Claims | 0.00 |
| b. | Chapter 7 Administrative and 28 U.S.C. §1930 Claims | 10,325.85 |
| c. | Allowed Chapter 11 Administrative Claims | 0.00 |
| d. | Allowed Priority Claims | 0.00 |
| e. | Allowed Unsecured Claims | 14,661.53 |

7. Trustee proposes that unsecured creditors receive a distribution of 53.01% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Professional's compensation and expense requested but not yet allowed is $7,350.60. The total of Chapter 7 professional fees and expenses requested for final allowance is $10,025.85.

9. A fee of $615.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

Dated:   August 9, 2007         By:   /s/ David P. Leibowitz
                                DAVID P. LEIBOWITZ, Trustee
                                Leibowitz Law Center
                                420 W. Clayton Street
                                Waukegan, IL  60085-4216